Thomas CRAWFORD et al., Petitioners,

v.

Ray L. MURPHY, Judge of Campbell Circuit Court, Respondent.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Davies & Hirschfeld, Newport, for petitioners.

Joseph L. Schoepf, Newport, for respondent.

CLAY, Commissioner.

This is an original proceeding in this Court brought by the trustees of the Corinthian Baptist Church of Newport, Kentucky, to prohibit Judge Ray L. Murphy from trying a condemnation suit by a jury other than one specially selected, and composed of freeholders of the City of Newport. We have heretofore denied a temporary order.

The Independent school district of Newport is seeking to condemn property of the petitioners located within the city limits. The proceeding is brought under KRS 416.-120 pursuant to the provisions of KRS 162.-030. The former statute provides in part as follows:

"Trial of such actions shall be by a jury summoned under order of court and consisting of twelve freeholders of such city or county * * *."

Respondent Judge proposes to select a panel of 18 freeholders from the venire of regular petit jurors summoned for the trial of civil actions in his court, or to summon additional jurors as needed so that the panel of 18 will consist of freeholders. It is contended by petitioners that KRS 416.120 requires him to call a special jury and that the only properly qualified jurors on such panel must be freeholders of the *city* of Newport, excluding those who reside elsewhere in Campbell county.

There is no merit in petitioners' first contention. The jurors selected to try the condemnation action have been, or will be "summoned under order of court". The statute provides no special method of selection, and the proposed procedure is a proper one.

Petitioners' second contention is that since the statute refers to freeholders of the city *or* county, it requires city freeholders to try actions involving city property and county freeholders to try actions involving county property. It is argued that jurors who reside in the city are more cognizant of property valuations therein than are their county neighbors. While this may be to some extent true, we cannot find in the statute any distinction made between city and county freeholders. No reference is made in the statute to the location of the property to be condemned. The phrase "freeholders of such city or county" obviously refers to either as proper jurors. If the legislature had intended the classification for which petitioners contend, certainly it would have done so in specific language. In view of the fact that such a distinction is not made in any other condemnation statute, we can find no reason why

KRS 416.120 should be construed as creating a different type of jury for this particular condemnation proceeding.

In addition, no satisfactory reason appears why petitioners would not have a fair trial before a jury consisting partly of freeholders who reside in the county. The verdict of the jury must be based upon the evidence presented and not upon their pre-existing concept of city or county valuations. The jurors are not appraisers, but are charged with the duty of fixing damages in accordance with the valuations proved in each particular case they try.

We find that the procedure being followed by respondent is in conformity with law, and petitioners were not entitled to the extraordinary relief sought.

Wherefore an order of prohibition is denied.